Mark S. Beck, Director Kansas Department of Revenue Division of Property Valuation 915 S.W. Harrison Street Topeka, Kansas 66612-1585
Dear Director Beck:
You request our opinion regarding the way in which certain personal property should be classified for purposes of taxation. Specifically, you question whether personal property, which on January 1 of the tax year is being constructed on site as part of the installation process and which, when construction and installation is completed, will clearly be used as commercial and industrial machinery or equipment, should be classified as commercial and industrial machinery and equipment or as "other" personal property until such time as the property is first used for the production of income.
You state that there are two views on the matter, both requiring an interpretation of K.S.A. 1996 Supp. 79-1439c. One view is that this statute requires that property be used for the production of income in order to be classified as commercial and industrial machinery and equipment. The opposing view is that K.S.A. 1996 Supp.79-1439c was intended to cover only that property which has been taken out of active use as "other" personal property for valuation and assessment purposes.
K.S.A. 1996 Supp. 79-1439c provides as follows:
 "(a) In accordance with the provisions of section 1
of article 11 of the Kansas constitution, all commercial and industrial machinery and equipment which is not classified for property tax purposes within subclass (5) of class 2 of section 1 of article 11 of the Kansas constitution, and which is not being used for the production of income by the owner thereof, is hereby defined as all other tangible personal property not otherwise specifically classified, and shall be classified for property tax purposes within subclass 6 [sic] of class 2 of section 1 of article 11 of the Kansas constitution. All such property shall be valued in accordance with the provisions of K.S.A. 79-503a, and amendments thereto.
 "(b) The provisions of this section shall apply to all taxable years commencing after December 31, 1994."
This statute was enacted in L. 1995, Ch. 254, § 2. In 1994 the Attorney General issued an opinion analyzing the phrase employed in the commercial and industrial machinery and equipment paragraph of Article 11, Section1(a) of the Kansas Constitution that states "the value so obtained for such property [retail cost when new less depreciation], notwithstanding its economic life and as long as such property is being used, shall not be less than 20% of the retail cost when new of such property." (Emphasis added). The Attorney General concluded that until this phrase was otherwise defined by the Legislature, we would defer to the Director of Property Valuation's interpretation which at that time was that "property that ceases to be used may no longer be considered as commercial and industrial machinery and equipment for property tax purposes but instead falls into the catch-all class and assessed at the rate of 30% of its fair market value."
Attorney General Opinion No. 94-52. In view of the timing of this opinion and the enactment of K.S.A. 1996 Supp. 79-1439c, we believe the statute was intended as a codification of the Director's interpretation as espoused in the opinion. This conclusion is supported by the legislative history of the statute as reflected in attachments to minutes of the legislative committees. See, Minutes, House Committee on Taxation, Feb. 15-16, March 7, 15, 1995, attachments; Senate Committee on Assessment and Taxation, April 7, 1995, attachments.
We do not believe that the constitutional phrase analyzed in Attorney General Opinion No. 94-52 can be read to impose a use requirement other than for the limited purpose of valuing commercial and industrial machinery and equipment that is removed from productive use. Nor do we believe K.S.A. 1996 Supp. 79-1439c can be interpreted to impose a use requirement other than for this limited purpose. By its terms, K.S.A. 1996 Supp. 79-1439c applies only to commercial and industrial machinery and equipment which is not classified as such for property tax purposes. A reading of Article 11, Section 1(a), Class 2(5) indicates that the only time commercial and industrial machinery and equipment would not be classified as such for valuation purposes is when it is no longer being used; the provision allows such property to be valued at less than 20 per cent of its retail cost when new, if it has depreciated to that extent, unlike all other commercial and industrial machinery and equipment. Further, because there is no general use requirement in Article 11, Section 1(a), Class 2(5) of the Kansas Constitution, the Legislature cannot impose one by statute. See Attorney General Opinion No. 97-11. Thus, while we agree that the Legislature generally has been given the power to define property for classification purposes [see Kan. Const., Art. 11, § 1(a), Class 2 and Attorney General Opinion No. 93-142], K.S.A. 1996 Supp. 79-1439c should not be read to impose a use requirement for any commercial and industrial machinery and equipment to be classified as such, other than as is allowed by the constitutional phrase analyzed in Attorney General Opinion No. 94-52.
Consequently, personal property that otherwise meets the criteria for classification as commercial and industrial machinery and equipment may not be classified as "other" personal property for valuation and assessment purposes merely because it is not yet being used by the owner for the production of income.
In conclusion, K.S.A. 1996 Supp. 79-1439c does not impose a use requirement for classification of property as commercial and industrial machinery and equipment, but merely clarifies that portion of Article 11, Section 1(a), Class 2(5) which specifies how such property is to be valued when it has depreciated below 20 per cent of its retail cost when new. Thus, commercial and industrial equipment that otherwise meets the criteria for classification as such does not become "other" property to be valued at fair market and assessed at a different rate merely because it is not yet producing income.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm